UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                          Case No.  5:03-cr-3-Oc-10GRJ

RUFUS PRESTON MONTGOMERY
_____/

**O R D E R**

This case is before the Court for consideration of the Defendant's Motion for Return of Property (Doc. 174).  The Government has moved to dismiss the Defendant's motion (Doc. 181), and the Defendant has responded to the government's motion.  The Court concludes that the Defendant's Motion for Return of Property is due to be denied.

The Defendant has written a letter (Doc. 174) which requests that the Court enter an order requiring the Drug Enforcement Administration (DEA) to return the property that was taken from him when he was arrested, including a 1971 Chevrolet Impala and $1,322.00.  The Defendant claims that the pre-sentence investigation report specified that "the United States has advised that no forfeitures will be pursued in this case."  In addition, the judgment does not mention any seized property.

In response, the Government moves to dismiss the Defendant's motion because the Defendant's property was lawfully forfeited through an administrative forfeiture procedure prior to the Defendant's sentencing.  The Defendant admits that when he was in the Marion County Jail he was notified by the DEA of the administrative forfeiture proceedings;

however, he claims he notified the agency that he wanted to contest the forfeiture of the property and then "he heard nothing else of the situation." The Defendant also claims that his attorney failed to notify him of the forfeiture proceedings.

John Hieronymus, Forfeiture Counsel of the DEA, testified to the following facts.[1] On February 5, 2003, DEA agents seized a 1971 Chevrolet Impala and $1,322.00 from the Defendant. On March 25, 2003, the DEA sent written notice of the seizure of the vehicle and money by certified mail, return receipt requested, to the Defendant at the Marion County Jail and to the Defendant's attorney. The DEA also attempted to send notice of the seizure of the vehicle to Jessica Kaye Fox by certified mail, but the notice was returned to the DEA. The DEA published notice of the seizure of the property in The Wall Street Journal for three successive weeks in April 2003. Both the mailed and published forfeiture notices provided an explanation as to how to request remission or mitigation of forfeiture and how to contest the forfeiture. On April 14, 2003, the DEA received a claim for the seized vehicle from Jessica Kaye Fox, which the DEA rejected because it did not meet the requirements set forth in 18 U.S.C. § 983.[2] The DEA provided Ms. Fox with an additional

---

[1] See Doc. 181, Part 2, Declaration of John Hieronymus. Attached to Mr. Hieronymus' declaration are copies of the notices sent to the Defendant and Jessica Kaye Fox, a copy of the notice published in the Wall Street Journal, and copies of the Declaration of Forfeitures, dated June 9, 2003 and October 28, 2003, respectively.

[2] In relevant part, the letter from Ms. Fox to the DEA stated "Rufus Preston Montgomery and I Jessica Kaye Fox do want to contest the Forfeiture." See Doc. 181, Part 2, Exh. 20. The DEA notified Ms. Fox that if she intended to contest the forfeiture, she must identify the property being claimed, state her interest in the property, and make the claim under oath subject to penalty of perjury, as required by the civil forfeiture statute. In addition, the DEA
(continued...)

twenty days to correct the defect, but the agency did not receive another claim from Ms. Fox. On June 9, 2003, the DEA forfeited the $1,322.00 seized from the Defendant to the United States, and on October 28, 2003, the DEA forfeited the 1971 Chevrolet Impala seized from the Defendant to the United States.

The foregoing evidence demonstrates that the Defendant's property, specifically his 1971 Chevrolet Impala and $1,322.00, was lawfully seized by the DEA and forfeited to the United States pursuant to 21 U.S.C. § 881 and 18 U.S.C. § § 981, 983.  In particular, the forfeiture was lawful because the Government provided the Defendant with proper notice, as required by § 983(a)(1), and there is no evidence that the Defendant contested the forfeiture in the manner provided for in § 983(a)(2)(B) and (C).[3] Accordingly, upon due consideration, the Defendant's Motion for Return of Property (Doc. 174) is DENIED, and the Government's Motion to Dismiss the Defendant's Request to for Return of Property (Doc. 181) is GRANTED.

IT IS SO ORDERED.

---

[2](...continued) informed Ms. Fox of the remission or mitigation of forfeiture procedure. See Doc. 181, Part 2, Exh. 21.

[3]     § 983(a)(2)(B) provides: "A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure." § 983(a)(2)(C) provides: "A claim shall – (i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury."

DONE and ORDERED at Ocala, Florida this 4th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   United States Attorney
             Counsel of Record
             Maurya McSheehy, Courtroom Deputy
             Rufus Preston Montgomery